1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LUZVIMINDA DATIN, | CASE NO. 07CV963 JLS (BGS) |
| 12                          Plaintiff, | **ORDER DENYING PLAINTIFF'S OBJECTIONS TO AND APPEAL OF MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND LEAVE TO DESIGNATE AN ADDITIONAL WITNESS** |
| 13      vs. | |
| 14 | |
| 15  M/V SEA QUEST, INC., TRADITION | |
| 16  MARINER, LLC, F/V PROUD HERITAGE, and DOES 1–20, | |
| 17                          Defendant. | (Doc. No. 119.) |

18

19      Presently before the Court is Plaintiff Luzviminda Datin's (Plaintiff) objections to and appeal

20  of magistrate judge's September 29, 2010, written order on Plaintiff's motion for extension of time

21  to complete discovery and leave to designate an additional witness.  (Doc. No. 119.)  Also before the

22  Court is Defendant M/V Sea Quest, Inc.'s (Defendant) response in opposition.  (Doc. No. 120.)  For

23  the reasons stated below, Plaintiff's objections are **DENIED**.

24                                    **BACKGROUND**

25      Plaintiff brought this maritime action as personal representative of the estate of Michael J.

26  Datin (Datin) on May 25, 2007.  Datin is Plaintiff's husband.  (Doc. No. 1 (Compl.).)  The allegations

27  arise out of Datin's application for and employment aboard Defendant's tuna fishing vessel, the M/V

28  Proud Heritage (the Vessel).  (Compl.)  Specifically, Datin was employed by Defendant as chief

engineer aboard the Vessel on three different voyages from 2004–2005, Trips T-111, T-112, and T-113.  Plaintiff alleges that, during these voyages, Datin suffered from illness or injury and Defendant did not provide adequate medical care aboard the Vessel or on shore.  (*See Id.* ¶ 11–13.)  Datin died on September 9, 2005, from liver failure.  (*Id.* ¶ 12.)  Plaintiff's Complaint alleges four causes of action: (1) wrongful death and survival claim for willful or arbitrary failure to pay maintenance and cure; (2) survival claim for statutory wages; (3) wrongful death and survival claim for negligence under the Jones Act; and (4) wrongful death and survival claim for unseaworthiness. (*See generally id.*)

On January 9, 2009, Defendant filed a motion for leave to file an amended answer to add three affirmative defenses (Doc. No. 37) and a motion for summary judgment.  (Doc. No. 38.)  Before the Court could rule on the motions, the parties grappled with discovery disputes.  (Doc. Nos. 39, 47, 48, 52, & 60.)  After significant delays, Defendant's motions were withdrawn (Doc. Nos. 64 & 65) and then resubmitted on November 12, 2009.  (Doc. Nos. 69 & 71.)

After resubmission, Plaintiff motioned to continue the hearing date on the motions so that it could perform discovery necessary to oppose.  (Doc. No. 75.)  On December 9, 2009, the Court granted an additional forty-five days for Plaintiffs "to file motions to compel witnesses . . . and to depose witnesses" prior to filing its oppositions.  (Doc. No. 81.)  Nearly a year and a half after the motions were first filed, the Court granted Defendant leave to amend three affirmative defenses and granted in part and denied in part Defendant's motion for summary judgement.  (Doc. No. 106.)

On June 30, 2010, the parties filed a motion to reopen discovery.  (Doc. No. 112.)  As part of this motion, Plaintiff requested to depose nine witnesses and supplementally depose three witnesses. (*Id.* at 3, Doc. No. 116 (Order) at 2.)  Plaintiff argued that the additional depositions would be required in order to properly respond to the new affirmative defenses.  On September 29, 2010, Magistrate Judge Skomal denied Plaintiff's requests.  (Order at 2.)  Plaintiff objected soon thereafter.

## ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court reviews Magistrate Judge Skomal's order under a "clearly erroneous or contrary to law" standard.  *See also Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of

the litigation."). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "Clearly erroneous" review is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). On the other hand, "contrary to law" review "permits independent review of purely legal determinations by the magistrate judge." *Fidelity*, 196 F.R.D. at 378 (citing, *inter alia*, *Computer Econs., Inc. v. Gartner Grp, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)).

In this case, Judge Skomal's discovery order involved "factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Id.* The Court, therefore, will review under the "clearly erroneous" standard.

Judge Skomal first denied Plaintiff's request to depose Ariel Villanueva, Marino Aguilar, Tony Joane, Nole Fernandez, Sergio Munoz, John Gomes, William C. Armstrong, and Josephine Russo. The group is composed of Datin's crewmates, and their testimony is allegedly necessary for Plaintiff to respond to Defendant's affirmative defenses. Judge Skomal's reasons for denying depositions were thorough. (Doc. No. 115 at 17–18, 20–21.) And it ultimately boiled down to considerations of probative value, expense, and prior opportunity.

Judge Skomal found additional depositions to be of limited probative value because the "record is replete" with the facts Plaintiff wishes to establish through deposition. (*Id.* at 21.) Additional discovery would be cumulative. (*Id.* at 18.) Moreover, the depositions would cost an exorbitant amount of time and money. (*Id.* at 13.)

Least important, but most contentious, is Judge Skomal's finding that Plaintiff had prior opportunity to perform the depositions and failed to do so. As noted above, Plaintiff requested a continuance on Defendant's motions for summary judgment and motion to amend affirmative defenses. (Doc. No. 75.) Plaintiff requested a forty-five day extension so that it could "motion to compel attendance of key witnesses for deposition, depose witnesses with information relevant to Plaintiff's opposition to Defendant's Motions and obtain the transcripts of the depositions." (*Id.* at 1–2.) The Court granted Plaintiff's request. (Doc. No. 81.)

07CV963

During this forty-five day period, Plaintiff had the opportunity to depose Datin's crewmates—the very crewmates Plaintiff wishes to depose now. Plaintiff argues that, given the cost associated with finding and deposing the crewmates, it was unreasonable to depose witnesses relevant to affirmative defenses not guaranteed to be allowed. (Doc. 119 at 13.) But now that the affirmative defenses have been added, the depositions are relevant. (*Id.*)

The Court finds this line of reasoning unconvincing. Plaintiff was given forty-five days to depose witnesses necessary to oppose the motion for summary judgment and motion for leave to amend. The depositions of the crewmates that are relevant now were also relevant during the forty-five day period. There is considerable overlap between the arguments made in Defendant's motion for summary judgment and the amended affirmative defenses. (*See* Doc. 75 at 7.) To have performed discovery in preparation to oppose Defendant's motion for summary judgment would be to have performed discovery on the affirmative defenses. Plaintiff made the strategic decision not to depose the crewmates.

With this in mind, the Court returns to Judge Skomal's order. The Court can find no clear error in Judge Skomal's finding that additional depositions would be cumulative in nature. Moreover, the Court agrees that significant prejudice would be suffered by all parties if Plaintiff pursued deposing Datin's crewmates. And both of these findings stand in the shadow of Plaintiff's decision not to perform the depositions when given the chance. Judge Skomal's Order evinces no clear error, and Plaintiff's objection on this matter is **DENIED**.

Judge Skomal also denied Plaintiff's request to take supplemental depositions of Manuel Silva, Jack Gibson, and Matt Freitas. Judge Skomal performed "an extensive review of the deposition transcripts," and found that "90-percent of the issues on these affirmative defenses are covered." (Doc. No. 115 at 42.) Plaintiff provides no argument against this finding, and the Court can find no clear error. Any objection to this portion of the order is **DENIED**.

Judge Skomal's third and final order denied without prejudice Plaintiff's request to depose Jose Santos. Judge Skomal took Plaintiff's request under submission, "in order to provide Plaintiff's counsel with the opportunity to locate Mr. Santos and provide the Court with a date and location for Mr. Santos' deposition." (Order at 2.) The Court requested this information so that it could "balance

1   the burden and expense" of additional discovery against its benefit.  (*Id.*)  Plaintiff failed to provide

2   the requested information, and Judge Skomal denied Plaintiff's request without prejudice.  (*Id.*)  Given

3   Plaintiff's failure to provide the requested information, and the denial without prejudice, this Court

4   cannot find that Judge Skomal's ruling was made in clear error.  Plaintiff's objection is **DENIED**.

**CONCLUSION**

6         Having found no clear error in Magistrate Judge Skomal's Order, Plaintiff's objection to and

7   appeal of magistrate judge's September 29, 2010, written order is **DENIED**.

8         **IT IS SO ORDERED**.

10   DATED:  November 8, 2010

11                                     *Janis L. Sammartino*
                                       Honorable Janis L. Sammartino
12                                     United States District Judge

- 5 -

07CV963